# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Reginald Leonard Merckerson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number | **20-40324** | | |
| (If known) | | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a) This plan:
   ☐ contains nonstandard provisions.  See paragraph 15 below.
   ☑ does not contain nonstandard provisions.

   (b) This plan:
   ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☑ does not value claim(s) that secures collateral.

   (c) This plan:
   ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$1,065.00** for the applicable commitment period of:

   ☐ 60 months: **or**

   ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☑ Debtor 1 **100** % ☐ Debtor 2 _____%

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   _____

   (c) Additional Payments of **$0.00** (estimated amount) will be made on ____,_____ (anticipated date) from  (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

RLm

| Debtor | **Regionald Leonard Merckerson** | Case number | **20-40324** |
|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4.    **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

    (a)    **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

    (b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of **$4,500.00**.

    (c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

    (d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Shellpoint Mortgage** | **1912 57th Street Savannah, GA 31404 Chatham County** | 41,795.00 | 5.25% | 795 |

    (e)    **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

    (f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

    (g)    **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

        ☐ with interest at _____% per annum; **or** ☐ without interest:

        **None**

    (h)`    **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of **$500.00**, whichever is greater.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor | **Regionald Leonard Merckerson** | | Case number | **20-40324** |

**5.     Executory Contracts.**
  (a)        **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

  (b)        **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

**6.     Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or ☑** To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **Shellpoint Mortgage** | **400.00** |

**7.     Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

**8.     Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Covington Credit** | | **npmsi** |
| **Covington Credit** | | **npmsi** |
| **Day Finance Company** | | **npmsi** |
| **One Main Financial** | | **npmsi** |

**9.     Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

**10.     Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

**11.     Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

**12.     Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes,after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

**13.     Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

**14.     Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Debtor   __Regionald Leonard Merckerson__   Case number   __20-40324__

8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

**15.    Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   __March 12, 2020__                          /s/ Reginald Leonard Merckerson
                                                     **Reginald Leonard Merckerson**
                                                                    *Debtor 1*


                                                     _____
                                                                    *Debtor 2*

                                                     /s/ Judson C. Hill
                                                     **Judson C. Hill 354277**
                                                            *Attorney for the Debtor(s)*

# IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br><br>Reginald Leonard Merckerson<br><br>Debtor | Chapter 13<br>Case No.:  20-40324-EJC |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **Chapter 13 Plan** and 341 Notice on the following address by First Class Mail, placing the same in the United States Mail with proper postage affixed thereon:

- (see attached mailing matrix)

I hereby certify that I have served a copy of the **Chapter 13 Plan** on the following corporations, partnerships, or other unincorporated associations addressed to an Agent or Officer by First Class Mail, with proper postage affixed thereon to the following address:

- Covington Credit, Attn:  Legal/Officer, 1900 E. Victory Drive, Savannah, GA 31404
- Covington Credit, Attn:  Legal/Officer, 150 Executive Drive, Box 112, Greenville, SC 29615
- Covington Credit, c/o CT Corporation, Registered Agent, 289 S. Culver St, Lawrenceville, GA 30046
- Southern Management, Attn:  Legal/Officer, P.O. Box 1947, Greenville, SC 29602-1947
- Day Finance Company, Attn:  Legal/Officer, 555 East Broughton Street, #4, Savannah, GA 31401
- One Main Financial, Attn:  Legal/Officer, 7805 Abercorn Street, Suite 10, Savannah, G A31406
- One Main Financial, Attn:  Legal/Officer, 430 Northside Drive, East, Suite 130, Statesboro, GA 30458
- One Main Financial Services, Inc., Attn:  Legal/Officer, 100 International Drive, 16th Floor, Baltimore, MD 21202

I hereby certify that I have served a copy of the **Chapter 13 Plan** on the following insured depository institutions by Certified Mail to the officer of the institution:

- n/a

I hereby certify that I have served a copy of the **Chapter 13 Plan** on the following parties and counsel electronically through the Notice of Electronic Filing (NEF) at the following addresses:

- n/a

This 12th of March, 2020.

PAMELA J. BAROLET, PARALEGAL

Gastin & Hill
Attorneys at Law
Post Office Box 8012
Savannah, Georgia 31412
(912) 232-0203

Label Matrix for local noticing
113J-4
Case 20-40324-EJC
Southern District of Georgia
Savannah
Thu Mar 12 16:25:00 EDT 2020

Brock & Scott, PLLC
4360 Chamblee Dunwoody Road
Suite 310
Atlanta GA 30341-1056

(p)SOUTHERN MANAGEMENT
PO BOX 1947
GREENVILLE SC 29602-1947

Day Finance Company
Attn:  Officer/Legal
555 East Broughton Street, #4
Savannah GA 31401-3553

Georgia Emergency Associates
P. O. Box 12189
Daytona Beach FL 32120-2189

LVNV Funding, LLC
Resurgent Capital Services
P.O. Box 10587
Greenville SC 29603-0587

Midland Credit Management
350 Camino De La Reina
Suite 100
San Diego CA 92108-3007

Shellpoint Mortgage
75 Beattie Pl, #300
Greenville SC 29601-2138

(p)AMERICOLLECT INC
PO BOX 2080
MANITOWOC WI 54221-2080

CACH, LLC
6300 S Syracuse Way
Suite 300
Centennial CO 80111-6723

Covington Credit c/o CT Corporation
Registered Agent
289 S. Culver Street
Lawrenceville GA 30046-4805

Fingerhut/Webbank
6250 Ridgewood Rd
Saint Cloud MN 56303-0820

Judson C. Hill
Gastin & Hill
P O Box 8012
Savannah, GA 31412-8012

Reginald Leonard Merckerson
1912 57th Street
Savannah, GA 31404-4712

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

St Joseph's Cardiology LLC
11700 Mercy Blvd
Plaza D, Bldg 6
Savannah GA 31419-1753

Antioch Medical Associates
c/o Lanier Collection Agency
18 Park of Commerce Blvd
Savannah GA 31405-7410

Celtic Bank Corp
268 S State St, Ste 300
Salt Lake City UT 84111-5314

Credit One Bank
P.O. Box 98873
Las Vegas NV 89193-8873

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia PA 19101-7346

O Byron Meredith III
P O Box 10556
Savannah, GA 31412-0756

One Main Financial
7805 Abercorn Street
Suite 10
Savannah GA 31406-2449

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Americollect
P. O. Box 2080
Manitowoc WI 54221-2080

Covington Credit
Attn:  Legal/Officer
1900 E. Victory Drive
Savannah GA 31404

(d)Covington Credit
Attn: Legal/Officer
150 Executive Center Drive, Box 112
Greenville SC 29615

Georgia Department of Revenue
Compliance Division, ARCS Bankruptcy
1800 Century Blvd, NE, Suite 9100
Atlanta GA 30345

(d)Southern Management
Attn:  Legal/Officer
P.O. Box 1947
Greenville SC 29602-1947

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(d)Reginald Leonard Merckerson
1912 57th Street
Savannah GA 31404-4712

(d)Shellpoint Mortgage
75 Beattie Pl. #300
Greenville, SC 29601-2138

End of Label Matrix
Mailable recipients    22
Bypassed recipients     3
Total                  25